UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ERIC W. MACK,

Petitioner,

v.

PAT ADAIR, Warden, and ALABAMA BOARD OF PARDONS & PAROLES,

Respondents.

Civil No. 00-1319 (DWF/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a prisoner of the State of Alabama who is currently confined at the Minnesota Correctional Facility at St. Cloud, Minnesota. His petition shows that in 1984, he was found guilty in the Circuit Court for Etowah County, Alabama, on three counts of

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED JUN 02 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

robbery and one count of kidnaping. He was sentenced to an aggregate prison term of 70 years. His convictions and sentences were affirmed on direct appeal in 1986. In 1990, Petitioner was transferred from Alabama to Minnesota pursuant to the Interstate Corrections Compact, so that he could serve the remainder of his prison term in his home state.

Petitioner's eligibility for parole has been reviewed by Respondent Alabama Board of Pardons and Paroles, ("the Parole Board"), on at least three occasions -- in 1994, 1996, and 1998. So far, the Parole Board has consistently denied Petitioner's bids for parole.

In 1999, Petitioner filed a federal habeas corpus petition in this District, claiming that the Parole Board's handling of his parole review proceedings has been unconstitutional. (Mack v. Adair, Civil No. 99-1135 (DWF/ESS).) That petition was summarily dismissed, however, because Petitioner had not exhausted his state court remedies before seeking relief in federal court.

In the prior habeas case, this Court pointed out that Parole Board actions are subject to judicial review in certiorari actions brought in the Alabama state courts. See Sellers v. State, 586 So.2d 994, 995 (Ala.Cr.App. 1991); Ellard v. State, 474 So.2d 743, 748 (Ala.Cr.App. 1984), aff'd sub nom on other grounds, Ex parte Ellard, 474 So.2d 758 (Ala. 1985); Gholston v. Board of Pardons and Paroles, 627 So.2d 945, 946 (Ala.Civ.App. 1993). Because Petitioner had never sought state court certiorari review of his parole proceedings, his initial federal habeas petition was dismissed for non-exhaustion. The petition was dismissed without prejudice, so that Petitioner could return to federal court, if necessary, after exhausting his state court remedies.

Petitioner's current submissions indicate that since the dismissal of his first federal habeas petition, he has been attempting to satisfy the exhaustion of state remedies requirement. In January 2000, he "filed notice of intent with the Circuit Court of Etowah Co Ala. for writ of Certiorari." (Memorandum Of Law For Plaintiff, Docket No. 2, p. 1, ¶ 6.) The following month he "filed a writ of Certiorari" in Etowah County, (the County where he was convicted), but his submission was returned by the clerk of court with a notice indicating that it had been filed in the "wrong jurisdiction."[2] (Id., p. 1, ¶ 7.)

In March 2000, Petitioner applied to the circuit court for Montgomery County, Alabama, for a writ of certiorari, presumably challenging some aspect of the Parole Board's past proceedings. (Id., p. 1, ¶ 8.) However, there is no indication that the state court has issued any ruling on that application. As far as the Court can discern, the certiorari petition is still pending before the state circuit court. Furthermore, there certainly is no indication that Petitioner has sought any state appellate court review of his past parole proceedings.

Even though it appears that Petitioner's Alabama state court certiorari proceedings are still ongoing, he recently filed another application for federal habeas corpus relief. His present petition, filed on May 26, 2000, is now before the Court. The instant petition once again challenges the procedures that the Parole Board has used when reviewing

---

[2] It is not clear why Etowah County was considered to be the "wrong jurisdiction" for Petitioner's certiorari petition. The Alabama appellate courts have indicated that certiorari petitions challenging Parole Board actions should be filed with the "trial court," (see Gholston, 627 So.2d at 947), and the trial court in Petitioner's case appears to be the circuit court for Etowah County. However, if the clerk for the Etowah County circuit court instructed Petitioner to file his certiorari petition in Montgomery County – which apparently is what happened – this Court will assume that such instruction was proper under Alabama law.

Petitioner's past bids for parole. Because it appears that Petitioner still has not exhausted his state court remedies, it will be recommended that his current petition – like the last one – be summarily dismissed without prejudice.

## II. DISCUSSION

As was pointed out in the report and recommendation in Petitioner's previous case, a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism, and its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988). To exhaust his state court remedies, a prisoner must fairly present all of his constitutional claims to the state courts before seeking relief in federal court. Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4.

In the instant case, it appears that Petitioner still has not given the Alabama state courts a fair opportunity to address his constitutional challenges to past Parole Board

proceedings. He apparently has initiated the state remedy process by filing a petition for writ of certiorari at the state trial court level. His submissions clearly indicate, however, that he has not allowed that process to be completed, as he has not given the circuit court for Montgomery County an opportunity to rule on his petition.

Moreover, if Petitioner's certiorari petition is (or has been) denied by the state circuit court, he still must pursue every available avenue of appeal in order to satisfy the exhaustion of state remedies requirement. "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 119 S.Ct. at 1732, (emphasis added). Under Alabama law, if a trial court denies a writ of certiorari in a parole review case, the prisoner should be able to seek appellate review in the State Court of Criminal Appeals, and thereafter in the Alabama Supreme Court. Ala.Code § 12-22-6; Ala.R.App.P. Rule 39; see also Ex parte Ellard, 474 So.2d 758 (Ala. 1985). Thus, Petitioner will not have exhausted his state court remedies until he has pursued a full round of appeals.[3]

[3] Petitioner was fully advised of this requirement by the Court's previous report and recommendation, (see Mack v. Adair, Civil No. 99-1135 (DWF/ESS), Report and Recommendation dated August 3, 1999, p. 4, fn. 2), and he has offered no explanation for his failure to comply with it.

For the reasons discussed above, the Court concludes that Petitioner still has not satisfied the exhaustion of state remedies requirement. It will therefore be recommended, once again, that Petitioner's application for federal habeas corpus relief be summarily denied. It also will be recommended that the instant petition, like the last one, be dismissed without prejudice, so that Petitioner can return to federal court, if necessary, after he has fully exhausted his state court remedies. Petitioner must recognize, however, that no federal habeas corpus petition will be entertained in this District, unless every constitutional claim raised in the petition has been fairly presented to, and decided on the merits by, the highest available Alabama state court.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be DENIED; and

2. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DISMISSED WITHOUT PREJUDICE.

DATED: June 1, 2000

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.